IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

DEBORAH S. PATE, )
)
    Plaintiff, )
)
vs. ) Case No.:_____
) Jury Demand
MARY JO WHITE, individually and in her )
official capacity as COUNTY CLERK for )
JACKSON COUNTY; BOARD OF )
COUNTY COMMISSIONERS OF )
THE COUNTY OF JACKSON; )
and JACKSON COUNTY )
)
    Defendants. )

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, Deborah S. Pate, by and through counsel, and seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, back and front pay, and attorneys fees, court costs, discretionary costs and all other damages to which she is entitled, for violation of the Age Discrimination Employment Act ("ADEA"); violation of the Fair Labor Standards Act ("FLSA"); violation of the Tennessee Human Rights Act; retaliatory discharge; and intentional interference with employment relationships suffered by Plaintiff Debroah S. Pate while employed by Defendant Jackson County. Pursuant to the ADEA, FLSA, and the Tennessee Human Rights Act, Plaintiff seeks to correct unlawful employment practices based on age and unlawful denial of federally-protected overtime pay, and seeks redress for retaliation and intentional interference with employment relationships, and states her claims as follows:

## THE PARTIES

1. Plaintiff Deborah S. Pate is a fifty-seven (57) year old female, a citizen of the United States of America, and a resident of Jackson County, Tennessee.

2. Defendants are Jackson County, the Board of Commissioners of Jackson County, and Mary Jo White in her official capacity as County Clerk of Jackson, County and the County Clerk's Office which employed Deborah S. Pate, on all matter relevant to this Complaint (collectively "Defendant Jackson County"). The agent for service of process for Jackson County and its subdivisions is Mayor John Cason, Jackson County Executive, Jackson County Courthouse, Gainesboro, TN 38562.

## JURISDICTION AND VENUE

3. This action arises in part under the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq.*; the Federal Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.; and the common and codified law of the State of Tennessee.

4. Jurisdiction over federal issues is invoked pursuant to 28 U.S.C. §§1332 and 1343 and related provisions; and over the state law claims pursuant to the doctrine of pendent jurisdiction. Venue is proper because the events alleged substantially occurred in the Middle District of Tennessee at the Plaintiff's place of employment in the the Clerk's Office in Jackson County, Tennessee.

5. This action properly lies in the Middle District of Tennessee pursuant to 28 U.S.C. §1391(b), for the claim arose in this judicial district, and pursuant to 42 U.S.C. §2000e-5(f)(3), for the unlawful employment practices substantially were committed

in this judicial district and this district is where, upon information and belief, the employment records of Plaintiff Deborah S. Pate are located.

6. All conditions precedent to this action and to jurisdiction have occurred or been complied with, to-wit: a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 180 days and within 300 days of the commission of the unfair employment practice; a Notification of Right to Sue was issued by the Equal Employment Opportunity Commission("EEOC") on November 30, 2011; this Complaint was filed within ninety (90) days of receipt of the Notification of Right to Sue. The EEOC was unable to conclude that the information obtained established violation of the statutes.

## FACTUAL ALLEGATIONS

7. In the fall of 2010, Mary Jo White, at age 20, was elected to serve as the County Clerk for Jackson County, Tennessee.

8. County Clerk Mary Jo White selected and hired Plaintiff Deborah S. Pate to serve as Chief Deputy Clerk for Jackson County, Tennessee.

9. Plaintiff Deborah S. Pate kept a time sheet recording hours worked.

10. Plaintiff Deborah S. Pate is paid weekly.

11. At no time during her employment did Plaintiff Deborah S. Pate enter into an agreement in which she agreed to accept comp time for overtime work performed. However, she and other similarly situated employees regularly accrued comp time.

12. Plaintiff Deborah S. Pate worked overtime hours for which she was not compensated by comp time or by payment of time and a half her normal wage.

13. Plaintiff Deborah S. Pate was not given a lunch break or other breaks on most days.

14. In February 2011, Plaintiff Deborah S. Pate was asked by Defendant Mary Jo White to balance the checkbook of the County Clerk's Office.

15. In late April 2011, Plaintiff Deborah S. Pate contacted and met with the State of Tennessee auditor. The State of Tennessee auditor gave a beginning balance for the checkbooks. Based on the beginning balance provided by the State of Tennessee auditor, it appeared that the County Clerk's Office was $6,000.00 out of balance when compared to the general ledger.

16. On Sunday, June 5, 2011, Defendant Mary Jo White called Plaintiff Deborah S. Pate and told her that she was separated from service and should not report for duty the following day.

17. Defendant Mary Jo White promoted Amanda Stafford, age 34, to the position of Chief Deputy Clerk.

## CLAIM I - AGE DISCRIMINATION

18. The allegations contained in Paragraphs 1-17 are realleged and incorporated by this reference as if set forth herein.

19. Plaintiff Deborah S. Pate is over 40 years old and is a member of a protected class of persons over 40 years old.

20. On or about June 5, 2011, Defendant Jackson County terminated the employment of Plaintiff Deborah S. Pate.

21. At all times relevant hereto, Plaintiff Deborah S. Pate was qualified for her former position.

22. Plaintiff Deborah S. Pate was treated adversely, as compared to other employees over 40 years old. Plaintiff Deborah S. Pate was terminated by Defendant Jackson County without just cause and Defendant Jackson County hired an employee under 40 years of age to fill the job position made empty as a result of Plaintiff Deborah S. Pate's termination.

23. Plaintiff Deborah S. Pate was discharged by Defendant Jackson County on the basis of hers age, in violation of the Age Discrimination Employment Act of 1967.

24. Any basis for the termination alleged by Defendant Jackson County is pretextual and in violation of federal and state law.

25. This unlawful discharge has caused Plaintiff Deborah S. Pate to lose pay and other benefits of hers employment, which has harmed Plaintiff Deborah S. Pate. Plaintiff Deborah S. Pate seeks compensatory and punitive damages, equitable relief, prejudgment interest and attorney fees and costs.

## CLAIM II - VIOLATION OF THE TENNESSEE HUMAN RIGHTS ACT

26. The allegations contained in Paragraphs 1-25 are realleged and incorporated by this reference as if set forth herein.

27. The acts of Defendant Jackson County have discriminated against Plaintiff Deborah S. Pate in violation of the Tennessee Human Rights Act.

28. This violation has caused Plaintiff Deborah S. Pate to lose pay and other benefits of her employment. Plaintiff Deborah S. Pate seeks compensatory and punitive damages, equitable relief, prejudgement interest, damages for humiliation and embarrassment, and attorneys fees and costs.

## CLAIM III - VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. The allegations contained in Paragraphs 1-28 are realleged and incorporated by this reference as if set forth herein.

30. Employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

31. Plaintiff Deborah S. Pate was employed by Defendant Jackson County within the last three years.

32. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

33. Plaintiff Deborah S. Pate worked for Defendant Jackson County as an "employee" of Defendant Jackson County as defined by Section 203(e)(1) of the FLSA.

34. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant Jackson County.

35. While Plaintiff Deborah S. Pate was employed by Defendant Jackson County she was an hourly employee who was entitled to overtime wages at a rate of one and one-half times her regular rate of pay for hours worked over 40 in a given work week, pursuant to Section 207 of the FLSA.

36. In 2010 and 2011, while Plaintiff Deborah S. Pate was employed by Defendant Jackson County she periodically worked more than 40 hours per work week, but was not paid overtime wages at a rate of one and one-half times her regular rate of pay for hours worked over 40 in a given work week as required by Section 207 of the FLSA.

37. Defendant Jackson County's actions in failing to compensate Plaintiff Deborah S. Pate properly are in violation of the FLSA, and were not in good faith.

38. As a result of Defendant Jackson County's failure to comply with Section 207 of the FLSA, Defendant Jackson County is liable to Plaintiff Deborah S. Pate for back pay in the form of overtime pay.

39. In addition to the amount of unpaid overtime wages owing to Plaintiff Deborah S. Pate, Plaintiff Deborah S. Pate is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b), and/or prejudgment interest, and attorney fees and costs.

40. Plaintiff Deborah S. Pate is personally aware of other similarly situated employees and/or former employees of Defendant Jackson County who were improperly compensated in violation of the FLSA and would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the lawsuit by filing a consent pursuant to Section 216(b) of the FLSA. Specifically, all other hourly employees who have worked for Defendant Jackson County within the last three years and have not been paid overtime wages for all hours worked over 40 during a particular work week are similarly situated to Plaintiff Deborah S. Pate and should be given notice of this lawsuit and the opportunity to join.

41. All other similarly situated employees are also entitled to damages in the form of back pay, liquidated damages, prejudgment interest and attorney's fees.

## CLAIM VI - RETALIATORY DISCHARGE

42. The allegations contained in Paragraphs 1-41 are realleged and incorporated by this reference as if fully set forth herein.

43. Plaintiff Deborah S. Pate, when assigned the responsibility of balancing the bank account, reported problems such as voided checks, transfers between two accounts which should have been one account, and other discrepancies to the State of Tennessee auditor.

44. A substantial motivating factor for Defendant Jackson County terminating the employment of Plaintiff Deborah S. Pate was in retaliation for her contacting the appropriate agency, and thereby committed a retaliatory discharge under Tennessee law.

45. Plaintiff Deborah S. Pate was harmed by the unlawful conduct of Defendant Jackson County. Plaintiff Deborah S. Pate seeks compensatory and punitive damages, equitable relief, prejudgment interest, including front and back pay and such other relief which may be just and proper.

## CLAIM V - RETALIATORY DISCHARGE TENN. CODE ANN. §50-1-304

46. The allegations contained in Paragraph 1-45 are realleged and incorporated by this reference as if fully set forth herein.

47. Plaintiff Deborah S. Pate refused to participate in, or remain silent about the County Clerk's office maintaining two separate checking accounts, and the problems such as voided checks, transfers between the two accounts, and other discrepancies.

48. In order to protect the public, Plaintiff Deborah S. Pate reported the two separate checking accounts and other discrepancies to the auditor for the State of Tennessee.

49. Shortly after reporting the discrepancies in the two accounts to the auditor for the State of Tennessee, Plaintiff Deborah S. Pate was terminated from her employment.

50. On information and belief, there is a direct causal relationship between Plaintiff Deborah S. Pate reporting the activities of the County Clerk's office to the auditor for the State of Tennessee and her termination from employment.

51. Plaintiff Deborah S. Pate has been harmed by the unlawful conduct of Defendant Jackson County. Plaintiff Deborah S. Pate seeks compensatory and punitive damages, equitable relief, prejudgment interest, including front and back pay and such other relief which may be just and proper.

**CLAIM IV - INTENTIONAL INTERFERENCE WITH EMPLOYMENT**

52. The allegations contained in Paragraphs 1- 51 are realleged and incorporated by this reference as if fully set forth herein.

53. After her separation from service by Defendant Jackson County, Plaintiff Deborah S. Pate accepted employment in a grocery store.

54. After her separation from service, Plaintiff Deborah S. Pate filed a charge against Defendant Jackson County with the Equal Employment Opportunity Commission.

55. Defendant Mary Jo White and other employees of Jackson County were aware of the employment claims of Plaintiff Deborah S. Pate.

56. In September, 2011, Defendant Mary Jo White and others came to the grocery store which currently employs Plaintiff Deborah S. Pate for the purpose of disturbing or causing the termination of Plaintiff Deborah S. Pate at her new place of employment, and prevent her from obtaining other employment.

57. Defendant Mary Jo White's and other employees of Jackson County's actions were willful and knowing and recklessly negligent.

58. Plaintiff Deborah S. Pate was harmed by the conduct of Defendant Mary Jo White. Plaintiff Deborah S. Pate seeks compensatory and punitive damages, equitable relief, prejudgment interest, and such other relief which may be just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court to:

A. Empanel a jury to hear this cause of action.

B. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq.*;

C. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act;

D. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of the Tennessee Human Rights Act, T.C.A. § 4-21-101 *et seq.*;

E. Enter a declaratory judgment that the practices complained of herein are unlawful and constitute a retaliatory discharge of Plaintiff Deborah S. Pate by Defendant Jackson County pursuant to Tennessee common law and state law;

F. Enter a declaratory judgment that the practices complained of herein by Defendant Mary Jo White violated the civil rights of Plaintiff Deborah S. Pate;

G. Permanently enjoin Defendant Jackson County, its agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in

each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices to be in violation of applicable law;

H. Order modification or elimination of practices, policies, customs, and usage set forth herein and all other such practices shown to be in violation of applicable law;

I. Compensate and make whole Plaintiff Deborah S. Pate for all earnings, wages, and other benefits she would have received but for the actions of the Defendant Jackson County;

J. Award Plaintiff Deborah S. Pate reasonable front-pay and back-pay and compensation.

K. Award Plaintiff Deborah S. Pate compensatory and punitive damages, and prejudgment interest;

L. Grant Plaintiff Deborah S. Pate a trial by jury and monetary judgments. Plaintiff Deborah S. Pate also seeks reinstatement with back pay;

M. Award Plaintiff Deborah S. Pate the costs and disbursements of this action, including reasonable attorney's fees in accordance with applicable law, prejudgment interest, court costs, and discretionary costs;

N. Award Plaintiff Deborah S. Pate punitive damages for intentional interference with her current employment.

O. Award Plaintiff Deborah S. Pate a percentage of the recovery, punitive damages, liquidated damages and actual damages pursuant to 31 U.S.C. §3730 *et seq* and Fair Labor Standards Act;

P. Find the Defendant Jackson County has willfully violated the Fair Labor Standards Act;

Q. Grant such other relief as may be just and proper.

Respectfully submitted,

/s/ John Beam

John A. Beam, III (BPR# 11796)
Andre Cameron (BPR# 26797)
Equitus Law Alliance, PLLC
709 Taylor Street
P.O. Box 280240
Nashville, Tennessee 37228
(615) 251-3131

## VERIFICATION OF COMPLAINT

STATE OF TENNESSEE    )
COUNTY OF DAVIDSON    )

    Before me, the undersigned authority, a notary public in and for State and County, personally appeared DEBORAH S. PATE, who, being duly sworn according to law, deposes and says that she is over the age of twenty-one (21) and under no disability and that the facts set forth in the foregoing Verified Complaint are true upon personal knowledge or, where indicated in the Complaint, upon information and belief.

    FURTHER AFFIANT SAITH NOT.

_____
DEBORAH S. PATE

Sworn before me on this the 23rd day of December, 2011.

_____
Notary Public

[Notary seal: JOHN A. BEAMTT, NOTARY PUBLIC AT LARGE, STATE OF TENNESSEE]

My commission expires:
1-7-13